|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | UNITED STATES DISTRICT COURT | |
| 9 | WESTERN DISTRICT OF WASHINGTON AT SEATTLE | |
| 10 | AUDRA WILSON, an individual, | CASE NO. C10-997RSM |
| 11 | Plaintiff, | ORDER ON PENDING MOTIONS |
| 12 | v. | |
| 13 | KING COUNTY (Facilities management Division), | |
| 14 | | |
| 15 | Defendants. | |

This matter is before the Court for consideration of plaintiff's Motion to Modify the Scheduling Order (Dkt. # 25), together with defendant's Motion for a Protective Order (Dkt. # 27). Having considered the motions, responses, and the balance of the record, the Court now finds and ORDERS:

(1) This is an employment discrimination action. Plaintiff claims that defendant discriminated against her on the basis of race and gender, and retaliated against her for filing a complaint. Dkt. # 3. The Court has issued a Scheduling Order setting a trial date of September

26, 2011, with a date for completion of discovery of May 27, 2011 and a deadline for filing dispositive motions of June 24, 2011. Dkt. # 16.

(2) On May 17, 2011, defendant filed an unopposed motion for leave to file an amended answer to assert an affirmative defense, based on after-acquired evidence regarding plaintiff's previous employment. The motion was granted on May 23, 2011, but defendant has not yet filed the amended answer.

(3) Plaintiff asks in her Motion to Modify the Scheduling Order that the Court extend the discovery and deposition deadline from May 27, 2011 to June 30, 2011. No change in other dates is requested. Defendant does not oppose the motion with respect to discovery limited to the affirmative defense of after-acquired evidence. Defendant's Response and Motion for Protective Order, Dkt. # 27, p. 2. Defendant asserts, however, that if the schedule is modified as plaintiff requests, then all remaining dates, including the trial date, should be continued for sixty days. *Id*. Defendant also requests a Protective Order regarding certain discovery requests submitted by plaintiff, which shall be addressed below.

(4) While concurring in the request to extend discovery to facilitate discovery on the after-acquired evidence, defendant asks for a sixty-day extension of all deadlines, including the trial date. However, the only basis asserted for this request is a busy schedule. *See,* Declaration of Mark Stockdale*,* Dkt. # 30*, ¶* 10. That is insufficient to demonstrate good cause to change dates that were set by Court Order more than nine months ago. *See*, Order Setting Trial Date & Related Dates, Dkt. # 16. Accordingly, plaintiff's Motion to Modify the Scheduling Order (Dkt. # 25) is GRANTED IN PART. The parties shall have until June 30, 2011, to complete discovery, but only as to defendant's affirmative defense of after-acquired evidence.

(5) Defendant's Motion for a Protective Order asks the Court to quash plaintiff's May 16, 2011 discovery requests as untimely. Dkt. # 27. This motion is not supported by certification by counsel of a good faith effort to confer with opposing counsel to resolve the matter without court action, as required by Local Rule CR 26(c)(1), and it must accordingly be DENIED. However, the Court notes that the discovery requests sent May 16, 2011, with responses due by June 14, 2011, after the discovery deadline, are indeed untimely.[1] Discovery requests "must be served sufficiently early that all responses are due before this deadline." Local Rule CR 16(f). Plaintiff is barred by the same rule from now filing a motion to compel responses to these untimely discovery requests. *Id.* Therefore no consequences will fall to defendant from failing to respond to the requests.

Dated June 9, 2011.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[1] It appears that plaintiff has already obtained much of the requested information through public information disclosure requests. Declaration of Mark Stockdale, Dkt. # 30, Exhibit D.